Next case on our call this morning is agenda number nine, case number 105-632, People v. Larry Van Schoyck. When we're ready to go, Mr. Siegel will proceed first. May it please this most honorable court, my name is Mort A. Siegel of Rockford, Illinois, and I'm appearing on behalf of the defendant Larry Van Schoyck. This case comes before this court on a petition for leave to appeal from decisions of the courts below, basically denying defendant's section 103-5D motion for discharge, asserting a denial of his right to a speedy trial under section 103-5B. The, first of all, there are no multiple factually related offenses charged at different times in this case. There is only one offense charged, it was dismissed and it was charged again. During all of this time, the defendant was on bail through to the date of his sentencing, which occurred December 27, 06. Consequentially, the speedy trial period terminated the prosecution for this single offense after 160 days from the date it was timely made on December 14, 2004. I've done the calculations and the 160th day comes out on May 23, 2005. In other words, the defendant, not having been tried on the single offense charged by May 23 of 05, his section 103-5D motion for discharge should have been granted. And its denial was error, and thus deprived him of his statutory right to a speedy trial, which statute implements his constitutional right to a speedy trial, although not coextensively. Mr. Stegall? Yes, sir. Why doesn't our case in Jackson control this? If the compulsory joinder provisions don't apply for purposes of double jeopardy when the original charge is commenced by uniform citation, doesn't it follow that the compulsory joinder provisions don't apply for purposes of the speedy trial statute? I don't see where multiple offenses are involved in this case at all. Therefore, what is the relevancy of the compulsory statute, compulsory joinder statute? This case at bar involves one offense, not multiple offenses. That's undisputed. What the state did here was ignore his demand for a speedy trial. It's very simple. They just ignored it, and on and on and on it went, and about 10 months later, they dismissed the case and then turn around and file another one, charging him with the same identical offense. In the meantime, his 160 days is running. Period. His demand was timely filed. It was proper. There's no dispute on the facts of this case. He did not delay the trial. That's undisputed. The facts of this case show simply that the state ignored and dropped the ball and didn't try him within 160 days. Period. I hope that answers the question. Well, if we reject your contention that there's only one charge, is there any other basis to overturn the conviction? If you say there were two charges, you would have great difficulty in finding the second offense. Let me point out to the court, the use of the term charge is one thing, but the use of the term charging what? You're charging an offense. You can have charge for this, charge for that, information, citation, indictment, but what is the offense? We only had a single offense in this case. They didn't charge him with anything but a single offense. Now, in one instance, they charged him with a pleading called a complaint, citation. Next instance, they called it, they labeled it an information. It doesn't matter. It was a traffic ticket. It doesn't matter. Well, that's how it started. It was a citation, which I don't have it here, but I think I've got it memorized. The citation charged him with the offense of Section 11-501A1. I call it 501A1. 501A1 is your blood alcohol content over .08. That's the offense that's charged. Now, notice what happens here. On November 13, my client is arrested, and he's released on bail that day. Now, he's arrested on this citation for the offense of 501A1, the blood alcohol content. On December 14, 04, his 103-5 jury demand is filed. Nobody disputes it's timely. Nobody disputes that it's proper. Now, the next matter of importance is September 19, 2005, at which time the state dismisses the citation and dismisses the case where he was charged with violating 501A1. At the same time, they file an information, and they charge him with violating 501A1. That's the same offense. Now, if you want to call it a charge by information or a charge by citation, that's not relevant. What is relevant is there's a single offense. And what's most important is that the violation charged in the information was identical to the offense charged in the traffic citation. Now, the difference between the two, the difference between the citation and the information case, is that in the information case, they alleged what I refer to as enhanced facts in an attempt to create a sentence that is classified as a class war felony. So there's no question that the traffic citations that were issued for DUI were the misdemeanor versions of DUI. I don't like the phrase DUI at all. I've spent so much time looking at 501A1 and A2 that I'm getting nuts. 501A1 is not drunk driving. It's having a blood alcohol content over the limit, and therefore you violated the statute. That's an offense. Now, 501A2 is my old one we used to talk about, the DUI or DWI. That to me is what it is. But there's two different offenses. I didn't create this. I don't agree with this. But this is the statute today. Now, if they're going to charge an offense, they have to say what statute the defendant violated. And they did. Now, when they file the information, keep in mind it's the same offense, same identical offense. Well, it's not really the same offense if it's the felony versus the misdemeanor. No. Well, all right. Let me get into that for a second. Please do. Section 111-3 of the code, we're dealing with forms of charges. Under 111-3 subparagraph C, it's plain as day. When the state seeks an enhanced sentence because of a prior conviction, which is this case, the charge shall also state the intention to seek the enhanced sentence and shall state such prior conviction so as to give notice to the defendant. Now, this is important. However, the fact of such prior conviction and the state's intention to seek an enhanced sentence are not elements of the offense. And I'm reading from the statute. Are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues raised during the trial. For the purposes of this section, quote, enhanced sentence means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense as set forth in Section 5-5-1 of the Uniform Code of Corrections. Now, I've looked at that. And what they're talking about is there is a misdemeanor sentence and a felony sentence. That's fine. But it has nothing to do with the offense. These elements that they added in the information are not part of the offense. Not only are they not part of the offense, it specifically says they will not be an element of the offense. And they will not be told to the jury. They're only there because they're going to increase the sentencing. So we get back to the label misdemeanor and felony. You're not disputing, though, in keeping with the theme of Justice Garmon's questions, that there were four different charges in this case, right? Three misdemeanors and one felony. Now, you're talking about EAC over 08, and then it's going to be enhanced because of the driving with a license previously revoked. But that was the Class 4 felony. But wasn't there also, let's see, driving under the influence, driving with a revoked driver's license, driving with a BAC above 08? Those were all misdemeanors that were charged. And then this felony that I think you correctly indicate, the sentence is enhanced to a Class 4 felony because it was driving with a BAC over 08, and he had a previous license revocation. Aren't there three misdemeanors and one felony charge? Last night I went through the real record. I have a copy of it. I find two citations in the record, and I've got the pages. But the point is I found two. The police officer wrote one ticket for 501A1, which is the blood alcohol, and I think the second ticket was for 501A2. Do you show a third one there? I can't find a third one in the record. Then the information charges only one offense, which is 501A1, blood alcohol. I don't see a third one in there. I'm not sure the state will have a chance. But in any event, this is so simple. We have one offense. We have one offense, and the offense was charged, and he was released on bail. And the statute says any person released on bail shall be tried within 160 days unless there's some fault on his part to delay it. And it's stipulated in this case that there is no delay attributable to the defendant. That's not the issue. The issue is why didn't the state try him within 160 days? They have no excuse. He should be discharged. And the offenses that were charged in the dismissed case and then reinstated were the same 501A1 offenses, period. There was no change. The only change they made in the second prosecution was alleging facts to enhance the sentence, just as it says in 111-3. They were trying to conform to the statute. That doesn't change the offense. He's not charged with violating anything other than 501A1, period. Unless there's any further questions, my calculations on 160 days, too, I hope they're correct. But it doesn't matter because nothing happened until a year later anyway. But I think the accurate time would have been May 20, May 23 of 05. They should have been trying. Do you discuss Pico v. Jackson in your brief? Do you agree with that? I read Pico v. Jackson. And I didn't discuss it. And I don't see where it has anything to do with this case at all. I thought it held that compulsory jointer provisions do not apply to offenses that have been charged by use of the uniform citation and complaint form provided by traffic offenses. Well, the problem we have in this case that doesn't appear in any other case at all, I've read Quigley, I've read Crow, all of them. But it's in Jackson. I don't see Jackson's being this case. This case has one offense. One offense. There's no question of jointer or second offenses. There are no multiple factually related offenses charged at different times in this case. Your position is compulsory jointer has nothing to do with this? Absolutely nothing. That's as much clear as you could put it. Simply put. If we disagree with you. If you disagree, you disagree. Then Jackson is pretty strong on its declaration that they held that the traffic ticket was not subject to compulsory jointer. Well, you're right. It begs the question. I can read it for you if you'd like. Well, it begs the question, of course. Is this a compulsory jointer? As you frame the issue in this case, that's what it is. Well, I disagree, too. I'm not surprised. I still say there's only one offense here. What is compulsory jointer? What would they have joined? Let's say they would have started this case as an information. So they would charge him with what? They would charge him with violating 501A1 and 501A again. Is that the second offense? Of course not. What they would try and do, and I've seen these in some of the cases. I just had a case in Winnebago like this. It was an indictment. Count 1, 501A1. Count 2, 501A1 again. And then they added that she had a prior conviction for drinking blah, blah, blah, blah, blah. My motion in that case was to dismiss it. Because how could you prove the second count without bringing in the evidence of her prior conviction, which would demolish her chances of getting justice on the first count? And who was it? Was it the judge? He said, well, it's a very honest argument. Judge White. Judge White, it's a very honest argument, but your motion is denied. And I said, you can deny the motion, but how are we going to try the case? The way you try the case is the way it says in 111-3. You don't tell the jury about her prior conviction. Well, if that's the case, how many offenses has she been charged with? One. It is interesting, Mr. Siegel. I'll stick to it. Well, it's interesting that the state decides to dismiss the traffic charges, right, and files. And information. Files the information, filing felony charges. And we're here not where you said they didn't have a right to further charge the defendant with a felony. We're here with you saying that speedy trial applies. That's correct. That's correct. You're not saying that they didn't have the right to file the felony charges, which were different than the traffic citations? That would raise a different issue. Absolutely. Yeah, that would raise a different issue. And I bring it up only from the standpoint of doesn't that illustrate that there are different charges in this case? Oh, no. Not just one charge. You see, other lawyers use the same term. I heard you really arguing that the same term. Charge is not the term. You can't use the word charge. I strenuously object to using the term charge. It's the offense. It's the offense. It's the crime is the offense. The way you charge the offense is up to the state. Well, charge or offense, aren't you really saying that these come out of the same set of facts? Absolutely. There's only one offense. But doesn't oftentimes aren't there offenses that come, different offenses that come out of the same set of facts? Of course. But you're saying not in this case? No, not in this case. 501A1. That's all he was charged with violating. There's only one offense. He's not charged with reckless homicide or rape or anything. He's 501A1. This man's entitled to have had his trial within 160 days, period. They blew it. That's all. It's about as simple as you can get. I can't find a case like this. Or I would cite it to you. I've read Quigley. I've read Crow. I've read them all. And that's not this case. I'll tell you what is controlling is 103, Section 103-5. He did nothing to delay. He filed a timely jury demand. It was in proper language. They knew about it, and they blew it. That's what this case is about. Oh, and the People v. Gooden case, I like that one, 189, Illinois 2nd, 209, followed by People v. Crane where this court said that the statutory right to a speedy trial really implements the defendant's constitutional rights to a speedy trial, although not coextensively, I understand. Any other questions? I mean, I'm ready for questions. I like to hear what he says. The citations to the record, I'm almost positive on that. I looked at them last night, and the citation had two tickets. I think his brief says there's three. Mr. Segal, your red light is on. Oh, my red light's on. That means you're done for now. I'm done. We're going to hear from you again a little later. All right. Thank you very much. Mr. Redfern, if you will. Good morning, Your Honors, and may it please the Court. My name is Charles Redfern. I'm an Assistant Attorney General from the Office of the Illinois Attorney General here today on behalf of the people of the state of Illinois. Before I get into my main presentation here, I think it's best to respond to some of opposing counsel's arguments here. To start with, the key dispute in the state's position here is that there are multiple charges and that compulsory joinder is the key issue here. And ultimately, because there are multiple charges and compulsory joinder is not satisfied under People v. Jackson, therefore there cannot be a relation back, and consequently the defendant's speedy trial demand that was filed as his misdemeanor does not apply to the subsequently filed felony. And because of that, under the statute there is no valid speedy trial demand here, and therefore there cannot be a speedy trial violation. I want to point to the record and specifically to our brief because there was an issue about how many charges were here and citations to the record. I direct the Court to page 13 and 14 of our briefs. There were three uniform traffic citations when the defendant was arrested. He was arrested by the arresting deputy and he was charged with citation 22305, 22306, and 22307. 22305 was driving under the influence of alcohol in violation of subsection A2. 22305 was driving under the influence of alcohol in violation of A2. 22306 was driving on a revoked license. The defendant had a revoked license at that time in violation of 5-6-303A. And then 22307 was driving with a blood alcohol level in violation of 5018A1. And I point the Court to record page 6 and 7 of record 1 and 1923 through 25 of record number 2. And then the information is in page 1 of record 2. Finally, before I get into my presentation, although this doesn't affect our argument, I would like to point out that opposing counsel's citation to 725 ILCS 5-111-3 was never raised in any of his briefs or in my brief, so that is a new hearing oral argument. It is exactly correct that a defendant must be tried within 160 days of a valid speedy trial demand when the defendant is on bail. And here the defendant was arrested by the arresting sheriff's deputy and charged with three uniform traffic citations. He then filed his speedy trial demand. But he was not brought to trial as to those three uniform traffic citations. Instead, what happened is that he was brought to trial on the subsequent felony. Now, the three traffic citations are different than the subsequent felony, and the felony is a new and additional charge. There is new conduct being charged here. The State has a new requirement to prove the felony ultimately so that he can be convicted of a felony. Yes, the State only has to prove a subsection one, driving under the influence. However, the fact that he had a subsequent conviction wasn't charged in the traffic citations. The subsequent conviction for the DUI and the fact that he had a revoked license when he had that DUI. That is a new burden on the State. It exposes the defendant to a heightened penalty. If the State had not brought that information, the defendant would be up here saying that you couldn't sentence me to a felony. We had to bring something new. He was facing new conduct being charged against him. He was facing a new sentencing statute, and he was facing a new higher penalty. And therefore, because there is a new and additional charge, the case of People v. Quigley controls this question. People v. Quigley from this Court instructs that when there are new and additional charges, and those new and additional charges involve the speedy trial statute, we will look back to the original charges for speedy trial purposes when calculating the speedy trial period for the second charge, but only when there is compulsory rejoinder. If there is no compulsory rejoinder, we cannot look back. We must look at each charge independently. There is a separate calculation for both the first charge and then the second charge. And the reason that Quigley explained that compulsory rejoinder is the key, and it's the key in this case, is because compulsory rejoinder is designed to prevent unfairness to the defendant. If the prosecutor, the State's attorney, knew of all the charges at the beginning of the case, he should have brought them all. And then the defendant would have been able to bring the speedy trial demand. But if the prosecutor is bad acting, if the prosecutor only brings the first charge and waits and does piecemeal prosecution, then the defendant doesn't have the rights of compulsory rejoinder, of the compulsory rejoinder statute. So what we say is we relate back. We say that the second charge relates back to the first charge for purposes of compulsory rejoinder. We put the defendant back where he would have been if the prosecutor had brought all the charges. So compulsory rejoinder is absolutely the key of this case. Because if there's no compulsory rejoinder, and ultimately there is not, because as the court has recognized, Jackson says there is no compulsory rejoinder for uniform traffic citations. But if there is no compulsory rejoinder, then there cannot be this relation back. We look at the second charge independent of the first charge. So what are the requirements of compulsory rejoinder? Why is there no compulsory rejoinder in this case? The simple answer is the first requirement of compulsory rejoinder is not met. The several offenses, both what would become the traffic citations and the later felony, must be known to the proper prosecuting officer at the time, the time of commencement of the trial. It was the sheriff's deputy, not the state's attorney, who made the decision to bring the charges. The state's attorney did not get involved until later. This was to a... Counsel, if I can, because I don't understand how the courts are set up where this case came from. This came in... Was there an assistant state's attorney assigned to the courtroom where the citation was filed and the early stages of it were heard by a judge? Yes, there was. There was a state's attorney. What happened is in November of 2004, the defendant was arrested. His initial appearance was then set for December. And then at his first appearance, there was a state's attorney. So as of December... The record does show that as of December 2004, there was a state's attorney who was aware. However, Your Honor, the key question is when... Is at the time of the commencing of the prosecution. The fact that at the time that the three traffic citations were brought, that the state's attorney had no involvement. And this is important because the state's attorney had no decision to bring the uniform traffic citations. The state's attorney has an independent responsibility to evaluate the facts and law and decide whether to bring a charge. A defendant's protection when there is a possible charge, a punitive defendant's protection, is the statute of limitations. It's a three-year statute of limitations for a felony. So the state's attorney lost the opportunity to evaluate the case. By saying that the sheriff's deputy's charge drives the speed trial period, the state's attorney now loses the opportunity to evaluate the case. This is why compulsory joinder is so important here. Compulsory joinder is about the bad acting prosecutor who does piecemeal prosecution. Here there is no prosecutorial involvement. The prosecutor never knew of the original charges. Well, counsel, from the briefs and what I read, on January 24th of 2005, the state's attorney sent a notice for felony review in this case. Yes, Your Honor. So that's barely two months after the charge of the November 13th of 2004, right? Yes. That's when it started? No, the commencement of the prosecution started for the felony for the misdemeanors when the sheriff's deputy arrested the defendant and filed them with the state, with the clerk's office. Wasn't that November? That was in November. Right. That was two days after his arrest. I'm saying about two months later there's an objective demonstration that the state's attorney was aware that this was possibly a felony case. Yes, there was. All right. But the state's attorney had not made a decision yet as to whether to bring the charges. And, again, because compulsory joinder is not met under this court's case law in Quigley specifically, there must be compulsory joinder to have this relation back. Whether the state's attorney knew the charge was there, and we do not dispute the fact that the state's attorney had awareness or the assistant state's attorney had awareness of these charges. They came in, there were continuances. But the question is whether the defendant has a speed trial right as to the felony. And, again, that's different than the misdemeanors. The defendant had the misdemeanors pending at that time. And to be very clear about this, the defendant did not bring a motion to dismiss as to his misdemeanors. The misdemeanors were dropped. He brought the motion to dismiss only when the felony was pending. And so when you say, well, we've been going on, we've been going on for 160 days, he could have brought a motion to dismiss as to the misdemeanors within the 160 days, and then we would have had to figure out if his speedy trial right was violated. Mr. Redford, no, but in every case, then, it would have seemed like the Speedy Trial Act would be a nullity because the state's attorney could, if they wanted to, wait until the very end and simultaneously dismiss him and file new charges. Isn't that true? Respectfully, I disagree, Your Honor. In most cases, and again, this gets back to what does the state's attorney know when the state's attorney decides to bring a case? Let me give you a hypothetical example. The state's attorney brought the misdemeanor traffic citation, which is not in this case, but let's say the state's attorney decided to bring the misdemeanor. And the state's attorney had knowledge of the felony but decided not to bring it, which sounds like your concern, right, because the state's attorney could go out. In that case, because the state's attorney was aware of both the misdemeanor and the felony and all the other requirements of compulsory joinder were met, then we would have this relation back. And we would have to try the defendant on both charges within 160 days. But in this case, the state's attorney did know two months after whether or not there was some relevancy to bringing a felony. That is true, but the state's attorney did not have the choice as to whether or not to bring those charges. The state's attorney was forced into this case by the arresting deputy. The state's attorney, in most cases, would be able to sit and say, do I want to go forward on my charges and, therefore, I'm ready to go. And this is the difference between the statute of limitations and the Speedy Trial Act. Under the statute of limitations ---- The state's attorney was clearly in charge of the prosecution, not the deputy sheriff. Isn't that correct? That is true. But at the time ---- If the state's attorney wanted to dismiss those charges, he certainly could have done that at any time he, within his discretion, decided to do that. That is correct, yes. But the state's attorney ---- And, again, I point your honors both to the plain language of the compulsory rejoinder statute and to People v. Jackson that says there cannot be compulsory rejoinder when there is uniform traffic citations filed by an arresting officer. So it really comes down to People v. Jackson when we decide the issue of compulsory rejoinder. Absolutely. And Jackson equally applies here because ---- I will say Jackson has not been explicitly extended by this court, but it has been extended by the appellate courts. But its reasoning makes the same sense. It is interpreting the compulsory rejoinder statute. It recognizes that the compulsory rejoinder statute is for the bad-acting prosecutor, the prosecutor who says, I will hold the charge back in my pocket and I will not bring all charges at the same time. But here the prosecutor had no choice. The choice to bring a charge was the sheriff's deputy, not the prosecutor's. It is that decision. And when you look at the compulsory rejoinder statute, it is known to the prosecutor at the time of the commencement of the charges. That's the key issue. Unless your honors have any additional questions, I would ask that you affirm the decision of the appellate court. Well, let me just follow up with this question based on your comment about the bad prosecutor. I'm not suggesting there's a bad prosecutor. Of course. When the objective manifestation of a record is that the state's attorney, at least as of January, was reviewing felony charges, and they wait until September of that year, basically nine months. You used the analogy of holding the felony charge in the pocket. Yes. What do we make of this nine-month period? What does that mean? That defendant is no different than any other defendant who is being investigated by a state's attorney or by the law enforcement who might have a future charge coming against him. When there is a defendant who says, well, a possible defendant who says, well, will they bring a charge against me? Will that come? Your answer is the state can bring a charge against you within any period, as long as it's within the statute of limitations. The statute of limitations is the time for the prosecutor to develop his case, his or her case, and then to bring the charge. Once you bring the charge, you're going to the court and saying, I'm ready to go. I have nothing more to investigate. I don't need to go through felony review. Let's get going because the defendant is on bail or he's arrested. And, therefore, that's when there's a different fairness concern. So you say my nine months. There are two different fairness concerns is what I'm saying here. When the defendant was arrested on the misdemeanor traffic citations and he filed a speedy trial demand, the fairness concern is a speedy trial. But he never moved to dismiss us to those charges. We're not here as to that charge. The other charge is the unindicted or, at that point, unindicted in January of 2005 felony. That concern is addressed by the statute of limitations, not by the speedy trial demand. And to say that the speedy trial demand applies to that would essentially handcuff the prosecution. The prosecution would be unable to investigate. You know, we're just, what else could the, in a case, not just this case, but in future cases, think of possibly the prosecutor having to investigate further. The speedy trial act is a shield. It should not be a sword to allow defendants to escape from otherwise improper, otherwise proper charges. Unless your honors have any other questions. Thank you. Thank you, counsel. I have what they claim is the trial court record signed by the clerk in Champaign. And it's numbered, so it must be an exact copy. The jury demand is on page C3. And it's dated December 14, 04. The defendant got out on bond on page C4. On the morning he was arrested, November 13, he'd been on bail all the way through the first case, all the way through the second case, up until the time he was sentenced. He was on bail. He was on bail. The page C6 and C7 are the only traffic tickets I find. Now, if this record, you know, isn't exactly correct, so be it. But this is the one I have. And C6 shows a traffic citation to the defendant violating 501A2. It's small letters, but I'm sure it's 501A2. That is you're driving under the influence. You turn the page and you have the second one, which is record C7. And here he's charged with violating 501A1. That's your BAC violation. I don't see any revocation charge. Had he done that, I mean, if there is one on the record, that's even more cause for the state attorney to do something way back when. But I don't know what the actual record. This is our copy we got from the clerk. I don't know if it's right. Maybe there is a third one. He says there's a third one, but it really doesn't matter because they didn't do anything. They blew it. This case, the state admits there's a 160-day trial rule. They admit that. There's no dispute about this. They don't dispute the validity of the demand that was made on the 14th. They had to bring him to trial. I don't care if it was on the first offense or the second offense or the third or the fourth or the fifth. We're not talking statute of limitations. We're talking you didn't bring him to trial within 160 days. It's plain, simple, A, B. Don't get this complicated. Don't make it more complicated. It's a plain, simple, one offense, 160 days, you didn't try him. There's no sword here. There's nothing. The man was entitled to his statutory right, which is really an implementation of his constitutional right to a speedy trial, period. They had a duty to try him within 160 days. I don't care on what charges they were or what offenses they were. They had a time limit, and they blew it. Now, he raises a point that really is self-explanatory. The state's attorney could have at any time amended this, the original case, and he could have charged enhanced facts, and he could have raised the notice up to make it a felony so he gets a stiffer sentence. He still would have to try the damn case within 160 days. There's no excuse for not doing that. If it's a felony, if it's a misdemeanor, if it's five felonies and six misdemeanors, the case had to be tried within 160 days, period. And there's no excuse for that here. We realize that the notice of felony review is in the record, but I didn't know how binding that would be on the state's attorney, so I laid off. But 111-3, 111-3 controls enhancement for sentencing purposes. That is so important, so important. Because the first time I saw it and ran into it, I didn't know what to do with it. And I said, well, you've got two counts here. How are you going to do this? Well, that's just in there for enhancement. What if the jury hears it? Well, the jury can't hear it because the statute said it's not an element of the offense. I said, then what have you charged her with? You've charged her twice with the same offense. What do you want to do? Well, I don't have to worry about that when we come to trial. I had the exact opposite of this case. But I think it's time that this man was sentenced to six years when he should have been released back in May of 05. And I ask that this court reverse the appellate court and reverse the circuit court and release him. Thank you very much. Thank you, Mr. Siegel. Thank you, Mr. Redfern. Case number 105-632 will be taken under advisory.